# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

ROBERT C. OSTRANDER, PRO SE,
PLAINTIFF,
VS.
ACCELERATED RECEIVEABLES,

DAVID ROACH, AS PRESIDENT OF
ACCELERATED RECEIVABLES;

PSI DISPOSAL INC;

PETER STANLEY, AS CEO OF PSI DISPOSAL;

JOYCE DOE, DEBT COLLECTOR;

DIANA DOE, LEGAL DEPARTMENT
DEFENDANTS

CASE NO.: **07 _ C V   0827** (SR

COMPLAINT AND JURY TRAIL DEMANDED

## PLAINTIFFS' SATEMENT OF CLAIM

## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

Now Comes Plaintiff, Robert C. Ostrander.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which

Relief Can Be Granted.

Defendant, Accelerated Receivables has an office located at 339  West Main Street

Arcade, New York 14009 and is a debt collector  and as such governed under the law by The

Debt Collections Practices Act  15 USC §1692, et seq

Defendant, PSI Disposal Inc; has an office located at 16 Longs Lane, Corfu, New York

14036  and has hired Accelerated Receivables to collect an alleged debt. In hiring Accelerated,

PSI is also liable for  any violation of federal law committed by their agents, and as such

governed under the law by The Debt Collections Practices Act  15 USC §1692, et seq.

The State of New York abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court, Specifically The Fair Debt Collections Practices Act 15 USC §1692 k, et seq

The alleged account that the defendants refer to in the Statement Of Facts listed below have no bearing on this instant suit, and the Alleged Debt is not in question here. The fact the Defendants violated the civil rights of the Plaintiff. Also the law as outlined in The Debt Collections Practices Act 15 USC §1692, et seq. The question for this Honorable court and the Jury is did the defendants act in accordance with Federal Law.

## STATEMENT OF FACTS

On November 26, 2007 at 4:26 Pm, the plaintiff received a voicemail from Joyce Doe from phone number 585-492-5948 ext 205. Asking me to return the call, there was no notice as to the subject of stated voicemail only to contact her. The Plaintiff returned Joyce Doe's call, not knowing if was a doctor or debt collector or a response to emails plaintiff sent to purchase some used farm equipment, Joyce asked my Phone # or account #. I gave her my cell phone number and discovered she was calling to ask when I was going to pay an alleged PSI account. I asked her for more information to be sent to me, and she stated that letters were sent on September 26, 2007 and October 29, 2007. At that time, Joyce asked me to hold on, she put Diana Doe on the phone, I asked what her position was, and she stated she worked in the legal dept. The Plaintiff asked for more info on the alleged account they confirmed my address and stated they sent two already.   The Plaintiff stated I have never received any letters from them and I am requesting them to send another letter. Diana replied that if you have not received the first two, what makes you think you would receive another one. The Plaintiff requested letter to be sent register or certified, to which Diana stated they would not waste the time or money to do so. She stated that she has a contact name and number from PSI and directed me to contact them for more info. Diana also stated that she was going to put a 48-hour hold on the alleged account before possible

further action, or possible legal action was commenced in order for plaintiff to contact PSI. At that time, I was attempting to end the call and stated that the phone number they contacted me at is a cell phone number and I (Plaintiff in this case) am incurring charges from calls and retrieving voicemails. She (Diana) stated that she was a debt collector and she ended the call.

The Plaintiff never had received any information from this company prior to the date of this phone conversation. The Defendants never informed the Plaintiff of his rights under the FDCPA.

The Plaintiff in this action has tried to mitigate damages to all involved by sending this pleading to the defendants' respective offices. To date, No one from any of the defendant's offices or legal counsel have contact the plaintiff. The plaintiff sent these notices of pending lawsuits and copies of this complaint to the address listed above in lines 10 – 16, U.S. Postal Service Registered Mail Return Receipt. The Tracking numbers for these are 70063450000243832692 for PSI and Peter Stanley and 70063450000243832708 for Accelerated, David Roach and Employees Diana Doe, Joyce Doe. The Plaintiff is attaching as exhibit P3 and P4 respectively, Printouts from the Postal Service web site of these delivery confirmations

# STATEMENT OF CLAIM AGAINST ACCELERATED AGENT OF PSI

## COUNT 1

The defendants initial communication, the voicemail, (transcript attached exhibit P1) did not contain any disclosures under FDCPA and the plaintiffs rights where violated.

### § 807. False or misleading representations [15 USC 1692e]

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in

subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

NOTE - The Omnibus Appropriation bill (13) which was signed into law on Sept. 30th, 1996 included an amendment to the Fair Debt Collection Practices Act. The amendment requires the debt collector to give the mini-Miranda warning in the initial communication but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector."

This amendment became effective December 31, 1996. Attorneys who are involved either in the collection process or with foreclosures and/or consumer bankruptcies must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor, on a one-time basis, within five days (which must also contain the mini-Miranda warning).

Thereafter, all communications with a debtor, whether written or oral, must contain the "mini-Miranda" warning. This includes telephone conversations, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

The Defendant did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

## COUNT 2

The defendants second communication, the second voicemail, (transcript attached exhibit P2) did not contain any disclosures under FDCPA and the plaintiffs rights where violated.

**§ 807. False or misleading representations {15 USC 1692e]**

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

NOTE - The Omnibus Appropriation bill (13) which was signed into law on Sept. 30th, 1996 included an amendment to the Fair Debt Collection Practices Act. The amendment requires the debt collector to give the mini-Miranda warning in the initial communication but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector."

This amendment became effective December 31, 1996. Attorneys who are involved either in the collection process or with foreclosures and/or consumer bankruptcies must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor, on a one-time basis, within five days (which must also contain the mini-Miranda warning).

Thereafter, all communications with a debtor, whether written or oral, must contain the "mini-Miranda" warning. This includes telephone conversations, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

The Defendant did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

## COUNT 3

The defendants initial communication, the voicemail, (transcript attached exhibit P1) used deceptive means to contact plaintiff under FDCPA and the plaintiffs rights where violated.

### § 807. False or misleading representations [15 USC 1692e]

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

NOTE - The Omnibus Appropriation bill (13) which was signed into law on Sept. 30th, 1996 included an amendment to the Fair Debt Collection Practices Act. The amendment requires the debt collector to give the mini-Miranda warning in the initial communication but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector."

This amendment became effective December 31, 1996. Attorneys who are involved either in the collection process or with foreclosures and/or consumer bankruptcies must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor, on a one-time basis, within five days (which must also contain the mini-Miranda warning).

Thereafter, all communications with a debtor, whether written or oral, must contain the "mini-Miranda" warning. This includes telephone conversations, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

The Defendant did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

## COUNT 4

When contacting the defendant and there agent, Diana (from legal department), gave the false implication that they were attorneys at law. The plaintiff's rights were violated under the FDCPA.

## § 807. False or misleading representations [15 USC 1692e]

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

### PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

### COUNT 5

When contacting Joyce, the defendants again failed to advise the Plaintiff of his civil rights under the law by not invoking the consumer warning, "This is an attempt to collect a debt and any information will be used for that purpose"

## § 807. False or misleading representations [15 USC 1692e]

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

NOTE - The Omnibus Appropriation bill (13) which was signed into law on Sept. 30, 1996 included an amendment to the Fair Debt Collection Practices Act. The amendment requires the debt collector to give the mini-Miranda warning in the initial communication but, in all subsequent communications with the debtor, the debt collector must disclose that ..."This communication is from a debt collector."

This amendment became effective December 31, 1996. Attorneys, who are involved either in the collection process or with foreclosures and/or consumer bankruptcies, must be alert to their obligations under the Act. Once the first contact has been made with a debtor, a written validation notice must be sent to the debtor, on a one-time basis, within five days (which must also contain the mini-Miranda warning).

Thereafter, all communications with a debtor, whether written or oral, must contain the "mini-Miranda" warning. This includes telephone conversations, correspondence, demand letters, stipulations, notices, discovery, receipts of payment and post-judgment remedies.

NOTE - in accordance with the recent amendment, § 807(11) does not apply to formal legal pleadings made in connection with a legal action.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

## COUNT 6

The defendant's used unfair and unconscionable means attempt to collect an alleged debt by contacting the plaintiff on his cell phone, where the plaintiff has incurred charges for airtime form his cell phone carrier and the plaintiff having to return the defendants' call

### § 808. Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing charges to be made to any person for communications by concealment of the true propose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

# COUNT 7

The defendants initial communication, the voicemail, (transcript attached exhibit P1) did not contain any disclosures under FDCPA and the plaintiffs rights were violated. Further, the defendants have failed to supply any such consumer warnings within the 5 days of initial contact to the consumer

## § 809. Validation of debts

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or

any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, title V of Gramm-Leach-Bliley Act, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

.

The Defendant did not comply with the law when contacting the Plaintiff by failing to inform the Plaintiff of his rights.

## PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00

# COUNT 8

The Defendant also violated Section 809, Validation of debts [15 USC 1692g] of the FDCPA, by not providing proof of the alleged debt as requested by the Plaintiff's letter of November 26,2007. The defendants continued collection activity prior of validation of the debt as well as contacting the plaintiff again by way of cell phone on November 27, 2007, even after they had been made aware that by doing so the plaintiff was incurring charges. The plaintiff in the return call to the defendants requested info and validation of the alleged account "please send some information about this alleged account" The defendant (Joyce) in the second voicemail told me to contact her again to receive the information from her.  She expected me to incur more charges in order to receive the information I am entitled to by the FDCPA.

§ 809   Validation of debts [15 USC 1692g]

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**PLAINTIFF DEMANDS JUDGEMENT FOR $1000.00**

**STATEMENT OF CLAIM AGAINST PSI**

Defendant, PSI Disposal Inc; has hired Accelerated Receivables to collect an alleged debt. In hiring Accelerated. PSI is also liable for  any violation of federal law committed by their agents, and as such governed under the law by The Fair Debt Collections Practices Act  15 USC §1692, et seq. The Plaintiff In this action is demanding judgment against PSI for each of the violations committed by Accelerated. PSI is just as responsible for these violations as Accelerated. Thus,

**PLAINTIFF DEMANDS JUDGEMENT FOR $8000.00**

# ATTORNEY FEE'S

Per the federal case law below the Plaintiff in this instant suit is Demanding Attorney's Fees.
The Plaintiff in this action is acting as "Private Attorney General" and as such demands
judgment of reasonable attorney fees.

**"Plaintiff also seeks attorney fees in the amount of $3,000.00 as it has been determined that**
**pro se litigants are entitled to the same fees as a licensed bar attorney would receive for his**
**services." (see Zagorski v. Midwest Billing Services, Inc., F.3d--- (1997 WL 695401, 7th**
**Cir.) or 128 F. 3d 1164 (7th Cir., 1997)**

**"The concept of the "private attorney general" refers to private individuals who institute**
**actions to enforce certain statutes, where such private enforcement actions are the**
**intended, and sometimes only, means of enforcement. The award of reasonable attorney's**
**fees provides an incentive for individuals to "serve" as private attorneys general. See, e.g.,**
**Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). "**

**WHEREFORE**, the defendants have violated the Fair Debt Collection Practices Act, Plaintiff
demands judgment in the amount of $8,000.00, from each of the Defendants plus all costs, fees
and reasonable Attorney's fees of this action along with punitive damages amounting to
$250,000.00

Dated this 3rd day of December, 2007

_____
**Robert C Ostrander, Plaintiff, PRO SE**
**6343 ALBION RD.**
**OAKFIELD, N.Y. 14125**
**585-590-0315**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT C. OSTRANDER, PRO SE,**<br>**PLAINTIFF,**<br>        **VS.**<br>**ACCELERATED RECEIVEABLES,**<br>**DAVID ROACH, AS PRESIDENT OF**<br>**ACCELERATED RECEIVABLES;**<br>**JOYCE DOE, DEBT COLLECTOR;**<br>**DIANA DOE, LEGAL DEPARTMENT**<br>        **DEFENDANT** | **CASE NO.:**<br><br>**PLAINTIFF'S EXHIBIT 1 AKA(P1)**<br><br>**TRANSCRIPT OF FIRST VOICEMAIL**<br>**FROM DEFENDANT JOYCE DOE** |

I Robert Ostrander do hereby affirm the following to be true under the penalties of perjury:

   1) That I am the Plaintiff in the above Titled Action

   2) I submit this Transcript of Voicemail of Joyce Doe That was left On the

   Plaintiff's Cell Phone on November 26 at 4:24pm as a true and accurate     transcription

   of said Voicemail.

"This message is for Robert, my name is Joyce.  If you could return my call, my number is 1-800

or excuse me 585-492-5948 extension 205.  When calling back refer to file number 200202-2.

Thank you.  Sent, November 26 at 4:24pm from phone number 585-492-3051.  duration: 26

seconds."

Dated this 3rd day of December, 2007

**Robert C Ostrander, Plaintiff, PRO SE**
**6343 ALBION RD.**
**OAKFIELD, N.Y. 14125**
**585-590-0315**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT C. OSTRANDER, PRO SE,** | **CASE NO.:** |
| **PLAINTIFF,** | |
| **VS.** | **PLAINTIFF'S EXHIBIT 2 AKA(P2)** |
| **ACCELERATED RECEIVEABLES,** | |
| **DAVID ROACH, AS PRESIDENT OF** | **TRANSCRIPT OF SECOND** |
| **ACCELERATED RECEIVABLES;** | **VOICEMAIL FROM DEFENDANT** |
| **JOYCE DOE, DEBT COLLECTOR;** | **JOYCE DOE** |
| **DIANA DOE, LEGAL DEPARTMENT** | |
| **DEFENDANT** | |

I Robert Ostrander do hereby affirm the following to be true under the penalties of perjury:

    1) That I am the Plaintiff in the above Titled Action

    2) I submit this Transcript of Voicemail of Joyce Doe That was left On the

    Plaintiff's Cell Phone on     Tuesday November 27 at 2:42 pm as a true and

    accurate transcription of said Voicemail

"Hi Robert, this is Joyce, um, I talked to you yesterday I do have some updated information, if you could return my call. The number is 585-492-5948. When you call back, refer to file number 200202-2. Thank you. Sent Tuesday November 27 at 2:42 pm. From phone number 585-492-3051 duration 26 seconds."

Dated this 3rd day of December, 2007

**Robert C Ostrander, Plaintiff, PRO SE**
**6343 ALBION RD.**
**OAKFIELD, N.Y. 14125**
**585-590-0315**

# PLAINTIFF" S EXHIBT (P3)


USPS - Track & Confirm


**UNITED STATES POSTAL SERVICE**

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7006 3450 0002 4383 2692**
Detailed Results:
- **Delivered, December 04, 2007, 10:06 am, CORFU, NY 14036**
- Notice Left, December 04, 2007, 8:32 am, CORFU, NY 14036
- **Arrival at Unit, December 04, 2007, 8:32 am, CORFU, NY 14036**
- Acceptance, December 03, 2007, 3:07 pm, OAKFIELD, NY 14125

*< Back*                    *Return to USPS.com Home >*

-----

Track & Confirm
Enter Label/Receipt Number.

*Go >*

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.   *Go >*

-----

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

# PLAINTIFF" S EXHIBT (P4)

 **UNITED STATES**
**POSTAL SERVICE** ®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7006 3450 0002 4383 2708
Detailed Results:

- Delivered, December 04, 2007, 12:13 pm, ARCADE, NY 14009
- Acceptance, December 03, 2007, 3:07 pm, OAKFIELD, NY 14125

**Track & Confirm**

Enter Label/Receipt Number.

< Back                    Return to USPS.com Home >                                        Go >

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   Go >

---

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA