UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT OSTRANDER,

                              Plaintiff,

             -vs-                           07-CV-827C

ACCELERATED RECEIVABLES,
DAVID ROACH, AS PRESIDENT OF
ACCELERATED RECEIVABLES;
PSI DISPOSAL, INC;
PETER STANLEY, AS CEO OF PSI DISPOSAL;
JOYCE DOE, DEBT COLLECTOR;
DIANA DOE, LEGAL DEPARTMENT,

                              Defendants.

---

Plaintiff has brought this action for the alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* ("FDCPA"). The debt collection defendants, Accelerated Receivables, David Roach, Joyce Doe, and Diana Doe (hereafter "defendants"), have filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and/or for summary judgment pursuant to Rule 56(b) as matters outside the pleadings are presented to the court. In the alternative, these defendants ask that the court limit plaintiff's damages to $1,000.00 and strike his claims for attorney's fees and punitive damages.

**BACKGROUND and FACTS**

In his pro se complaint, plaintiff alleges that on November 26, 2007 at 4:26 p.m., he received a voicemail message from a woman who identified herself merely as "Joyce" and

asked that he return the call (Item 1)[1]. Plaintiff telephoned Joyce, and she asked for plaintiff's telephone number or account number. Plaintiff provided his telephone number, and Joyce informed him that he owed money on an account with defendant PSI. Plaintiff asked for more information, and Joyce stated that two letters had previously been sent to him, on September 26, 2007 and October 29, 2007.

Plaintiff further alleges that he was put on hold and then spoke to a woman named "Diana," who stated that she worked in the legal department. Plaintiff told Diana that he never received a letter, although Diana confirmed his mailing address. Diana also advised plaintiff to contact PSI and that no further action would be taken on the account for 48 hours. Plaintiff alleges that he advised Diana that he was speaking to her on a cellular telephone and that he was incurring charges to do so. Plaintiff also alleges that Diana "stated that she was a debt collector and she ended the call." *Id*.

Plaintiff denies that he received any written notice from defendants prior to the telephone conversation of November 26, 2007. He also alleges that defendants did not advise him of his rights under the FDCPA.

In Count 1 of the complaint, plaintiff alleges that defendants' initial communication, the first voicemail message, did not contain any disclosures as required by the FDCPA and was in violation of his rights under the statute.

In Count 2, plaintiff alleges that a second voicemail also lacked disclosures as required by the FDCPA and was in violation of his rights under the statute.

In Count 3, plaintiff alleges that the defendants, in the initial voicemail, used

---

[1] The allegations in the complaint are not organized in numbered paragraphs, nor is the complaint paginated.

deceptive means to contact the plaintiff in violation of the FDCPA by failing to state the purpose of the call in the message.

In Count 4, plaintiff alleges that defendants made a false and misleading representation in that "Diana," by stating that she worked in the legal department, gave the false impression that she was an attorney.

In Count 5, plaintiff alleges that the defendants failed to advise him of his rights under the FDCPA in that he was not informed that the call was "an attempt to collect a debt and any information will be used for that purpose." *Id*.

In Count 6, plaintiff alleges that it was an unfair practice under the FDCPA to contact him on his cellular telephone as he incurred charges in returning the call.

In Count 7, plaintiff alleges that the initial voicemail message contained no disclosures as required by the FDCPA and that defendants failed to provide any required consumer warnings within five days of the initial contact.

Finally, in Count 8, plaintiff alleges that defendants failed to provide verification of the alleged debt as requested in writing by plaintiff. For each of these eight alleged violations of the FDCPA, plaintiff seeks statutory damages of $1,000.00. He also seeks attorney's fees and punitive damages.

Plaintiff has attached to the complaint a transcript of the voicemail message left on plaintiff's telephone at 4:24 p.m. on November 26, 2007. The message is transcribed as follows:

> This message is for Robert, my name is Joyce. If you could return my call, my number is 1-800 or excuse me 585-492-5948 extension 205. When calling back refer to file number 200202-2 . Thank you. Sent, November 26 at 4:24 pm from phone number 585-492-3051. duration: 26 seconds.

3

(Item 1, Exh. 1). Additionally, plaintiff has attached a second transcript of a voicemail message received November 27, 2007. That message is transcribed as follows:

> Hi Robert, this is Joyce, um, I talked to you yesterday I do have some updated information, if you could return my call. The number is 585-492-5948. When you call back, refer to file number 200202-2. Thank you. Sent Tuesday November 27 at 2:42 pm. From phone number 585-492-3051 duration 26 seconds.

(Item 1, Exh. 2).

In support of the motion to dismiss and/or for summary judgment, defendants argue that plaintiff's complaint is based on the faulty premise that the voicemail message of November 26, 2007 was the initial contact by defendants with plaintiff. Defendants have submitted copies of two letters sent to plaintiff, one on September 26, 2007 and the second on October 29, 2007 (Item 7, Exh. A). Both letters state that plaintiff owes a debt to PSI Disposal, Inc. which had been referred to Accelerated Receivables for collection. The letter states that it is from a debt collection agency, is an attempt to collect a debt, and that any information obtained would be used for that purpose. Plaintiff was also advised in both letters that if he failed to dispute the debt within 30 days after receipt of the notice, Accelerated Receivables would assume the debt is valid. The amount due is clearly stated as $217.47.

Defendants have also submitted a letter written by plaintiff, dated November 26, 2007 and received November 29, 2007, in which plaintiff admitted to having received at least one of the letters. In his letter, plaintiff stated that he "received a letter from you indicating I owe you some money." (Item 7, Exh. B.) Plaintiff denied having done business with Accelerated Receivables and demanded that the company prove that he owed the debt by submitting

4

> a signed and sworn statement before notary public under penalty of perjury by a person having first hand knowledge of the indebtedness and stating that the reported indebtedness was a legal indebtedness under all applicable state and federal laws, was not subsequently disputed as a result of returned, faulty, or recalled consumer products, and furthermore swearing that this purported debt is not now nor has ever been part of any tax write off scheme nor insurance claim.

(Item 7, Exh. B). In the letter, plaintiff also demanded that defendants not contact him by telephone or at his place of employment, but rather by United States mail only at his place of residence. *Id.*

Defendants have submitted proof that they obtained plaintiff's address and telephone number from PSI Disposal, Inc. in an account report (Item 7, Exh. D), and that according to the online WhitePages.com, plaintiff's unpublished or unavailable telephone number is for a land line, not a cellular telephone (Item 7, Exh. E).

In response to the motion, plaintiff stated that he erred in his letter of November 27, 2007 and should have written that he received a voicemail, not a letter (Item 11, ¶ 5). He again denied having received any letters from defendants (Item 11, ¶ 4).

**DISCUSSION**

Defendants' motion to dismiss and/or for summary judgment is based on their argument that plaintiff was notified of his debt to PSI Disposal, Inc. in two separate letters, each of which complied with the FDCPA. In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must confine itself to the allegations contained in the complaint, any written instrument attached to the complaint as an exhibit or incorporated in it by reference, and any documents the plaintiff either "possessed or knew about and upon which [he] relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation

5

omitted). To the extent that defendant has relied on exhibits outside the pleadings, the court must consider the motion as one for summary judgment. Conversion of a Rule 12(b)(6) motion to one for summary judgment may be done where plaintiff "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment," and has been afforded a reasonable opportunity to "meet facts outside the pleadings." *Rand v. Birbrower*, 31 Fed. Appx. 748, 751 (2d Cir. 2002) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985)). Here, defendant attached and relied on exhibits outside the pleadings and labeled the motion as one for dismissal and/or summary judgment. Plaintiff responded to the evidence, the two letters to plaintiff and the letter from plaintiff to the defendants, by denying that he received the letters from Accelerated Receivables and by stating that he erroneously acknowledged receipt of at least one of the letters.

Summary judgment is granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The courts do not try issues of fact on a motion for summary judgment, but rather determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d

Cir. 1995). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999) (quotation omitted).

To the extent that reliance on matters outside the pleadings is not necessary, the court will consider the motion under Rule 12(b)(6). All allegations set forth in the complaint are deemed true, and the court must draw all inferences in favor of the plaintiff. *Todd v. Exxon* Corp., 275 F.3d 191, 197 (2d Cir. 2001). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Turning to the merits of the motion, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Specifically, under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute also requires a debt collector to disclose that a communication is from a debt collector, a requirement that is often referred to as the "Mini-Miranda" warning. *See Foti v. NCO Financial Sys., Inc.,* 424 F. Supp. 2d

643, 650 (S.D.N.Y. 2006); 15 U.S.C. § 1692e(11). Additionally, section 1692d provides that a debt collector may not harass, oppress or abuse any person in connection with the collection of a debt, including "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

In support of their motion, defendants have submitted copies of two letters sent to the plaintiff and a letter received by defendants from the plaintiff. There is a presumption of regularity that properly mailed letters are received. *See e.g. Osele v. United States Atty. Gen.*, 190 Fed. Appx. 96, 97 (2d Cir. 2006) (a "properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered"); *Hoffenberg v. C.I.R.*, 905 F.2d 665, 666 (2d Cir.1990) (same). Here, defendant David Roach, the President of Accelerated Receivables, averred that two letters were sent to plaintiff in September and October 2007, were properly addressed to plaintiff, and were not returned (Item 7, ¶¶ 4, 16, Exh. A). Plaintiff denied that he received any written communications from defendants, but wrote a letter to defendants in which he acknowledged receipt of at least one of the letters. "[D]enial of receipt of notice, without more, is insufficient to rebut the presumption that notice was properly delivered through the mail." *Orix Financial Services v. Phipps*, 2009 WL 30263, at *11 (S.D.N.Y. Jan. 6, 2009) (citing *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817-18 (2d Cir. 1985)). In response to the motion, plaintiff stated that his written acknowledgment of defendants' letter was merely a failure to edit his letter, implying that he meant to acknowledge only the receipt of a voicemail message. This self-serving response seems to have been tailored by plaintiff to avoid the consequences of his acknowledgment. While the court may not assess

credibility on summary judgment, if the evidence is contradictory or implausible, it may be disregarded. *See Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572 (2d Cir. 1991) (it is well settled in the Second Circuit that self-serving and contradictory affidavits cannot defeat motion for summary judgment); *Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 477 (S.D.N.Y. 2003) ("The rationale underlying the rule that contradictory evidence may be disregarded is that a party cannot rely upon implausible testimony to create a triable issue of fact."). Accordingly, the court finds that defendants provided written notice of the debt to plaintiff in two separate letters. The letters are presumed by the court to have been delivered to plaintiff, and plaintiff acknowledged receipt of at least one of the letters, in writing on November 27, 2007.

Having found that defendants provided written notice of the debt to plaintiff, the court must next determine whether those notices complied with the FDCPA. Under the FDCPA, a debt collector must send any consumer whose debt it seeks to collect "a written notice containing" five disclosures:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Together, these disclosures constitute the "validation notice."

The thirty-day period specified in section 1692g(a)(3)-(5) is the "validation period." The FDCPA bars debt collectors from engaging in a variety of abusive practices while attempting to collect a debt, and requires any communication made by a debt collector during the validation period not to "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b); *see also Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90-91 (2d Cir. 2008) (overshadowing communications violate § 1692g(a)).

When evaluating a claim brought under the FDCPA, courts apply an objective standard which requires stepping into the shoes of the "least sophisticated consumer." *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y.2007) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). While this standard protects an "uninformed, naive, or trusting" debtor, it also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Spira v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005) (internal citations omitted).

The Second Circuit has explained that the FDCPA prohibits the debt collector from communicating with a consumer in a way that "conveys [the validation notice] in a confusing or contradictory fashion so as to cloud the required message with uncertainty. Thus, a debt collector violates the Act if its communication is 'reasonably susceptible to an inaccurate reading' of the required message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)

and citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998)). This requirement both protects consumers and imposes an obligation on debt collectors to ensure the continued clarity of a consumer's validation period.

The court has examined the letters from defendants and finds them to be sufficient under the FDCPA. Defendants' letters to plaintiff provided plaintiff with notice of all rights under the FDCPA, and no contradictory language overshadowed the validation notice either in the letters themselves or the subsequent telephone messages or conversation. However, while the letters to plaintiff were sufficient to apprise plaintiff of his rights under the FDCPA, the two telephone messages as alleged in the complaint did not comply with the FDCPA in that the callers failed to disclose that they were debt collectors. The statute provides that in both the initial communication, be it written or oral, and all subsequent communications with the consumer, the debt collector must disclose that the communication is from a debt collector. *See* 15 U.S.C. § 1692e(11). It is apparent from the transcripts of the telephone messages appended to plaintiff's complaint that "Joyce" merely stated that she sought a return call from plaintiff regarding a certain account. Courts in this Circuit have found that such a telephone message is a "communication" within the meaning of the FDCPA, as it conveys "information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2); *see also Leyse v. Corporate Collections Servs., Inc.,* 2006 WL 2708451, at *6 (S.D.N.Y. September 18, 2006) (pre-recorded messages, leaving a name and number to call regarding an "important matter," constitute communications within the meaning of the FDCPA*); Foti v. NCO Financial Sys., Inc.,* 424 F. Supp. 2d at 655-56 (voicemail message, while devoid of any

specific information about any particular debt, specifically advised the debtor that the matter required immediate attention, and provided a number to call). Here, there is nothing in the voicemail message that would identify "Joyce" as a debt collector working on behalf of Accelerated Receivables, or that the "account" is an unpaid debt to PSI. Additionally, "Joyce" did not provide meaningful disclosure of her identity as required by section 1692d(6). A telephone message that merely states the name of a person to contact and a telephone number at which to reach that person does not provide meaningful disclosure of the caller's identity. *See Leyse v. Corporate Collection Servs., Inc.,* 2006 WL 2708451, at *5 (automated messages that left a name and number and identified the business seeking a return call as "CSS" did not provide meaningful disclosure). Accordingly, the court finds that plaintiff has stated a claim under section 1692e(11) for failure to disclose that the telephone messages were from a debt collector, and under section 1692d(6) for the placement of telephone calls without meaningful disclosure of the caller's identity.

Counts 4, 6, and 8, in which plaintiff complains that he was misled into believing that "Diana" was an attorney, that defendants wrongfully telephoned him on his cellular phone, and that defendants failed to provide him with verification of the debt, must be dismissed. Even applying the "least sophisticated consumer" standard, it cannot be said that by simply stating that she worked in the "legal department," defendant Diana Doe gave a "false representation or implication" that she was an attorney at law or that the communication was from an attorney, in violation of 15 U.S.C. § 1692e(3). In addition, plaintiff's telephone number was provided to Accelerated Receivables by PSI, and plaintiff gave no indication that he did not want to be contacted by telephone until defendants received his letter on November 29, 2007. Plaintiff does not allege any improper calls to his cellular telephone

following this date, and the section of the FDCPA to which he refers prohibits the use of collect telephone calls and charging of telegram fees, not the use of cellular telephones. *See* 15 U.S.C. § 1692f(5). Finally, defendants have stated that they made no further attempts to collect the debt following the receipt of plaintiff's letter. As such, they were not in violation of 15 U.S.C. 1692g(b). That section provides that if the consumer notifies the debt collector in writing within the validation period that he disputes the debt, the debt collector must cease collection efforts until the debt collector obtains verification of the debt and mails it to the consumer. As defendants ceased all collection efforts, they were not obligated by the statute to provide written verification of the debt.

Defendant Roach also argues that he is not personally liable under the FDCPA as he did not engage in any prohibited conduct. Individual liability may be imposed under the FDCPA where the defendant sought to be held liable personally engaged in the prohibited conduct. *See e.g., Ohlson v. The Cadle Co.*, 2006 WL 721505, at *3 (E.D.N.Y. March 21, 2006) (officers and employees may be "jointly and severally liable with the agency where they have affirmatively acted"); *Williams v. Professional Collection Servs., Inc.,* 2004 WL 5462235, at *4 (E.D.N.Y. December 7, 2004) ("high-ranking employee, executive, or director of a collection agency may fit within the statutory definition of a debt collector"); *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (defendant who made actionable phone call could be held personally liable for FDCPA violation). As plaintiff has not alleged any conduct by defendant Roach, the action is dismissed as against him personally.

Moreover, plaintiff's damages are limited to $1,000.00. Under the statute, "any debt collector who fails to comply with any provision of this subchapter with respect to any

13

person is liable to such person in an amount equal to the sum of . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The maximum amount of statutory damages under the FDCPA is $1,000.00 per action or proceeding, not per statutory violation. *Sibersky v. Borah, Goldstein, Altschuler & Schwartz*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002). Accordingly, should he prevail on the remaining counts of his complaint, plaintiff would be entitled to a maximum of $1,000.00 as statutory damages, depending on various factors considered by the court. 15 U.S.C. § 1692k(b).

A prevailing plaintiff in an FDCPA case is ordinarily entitled to recover reasonable attorney's fees under 42 U.S.C. § 1988. *See, e.g., Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694 (2d Cir. 1998). However, a pro se plaintiff cannot recover attorney's fees for representing himself. *Id.* Thus, because plaintiff is proceeding pro se, it is well settled that he cannot recover any attorney's fees as part of his damages. Likewise, there is no provision for punitive damages under the FDCPA. *See* 15 U.S.C. § 1692k; *Gervais v. O'Connell, Harris & Associates, Inc.,* 297 F. Supp. 2d 435, 440 (D.Conn. 2003).

## CONCLUSION

For the foregoing reasons, defendants' motion is granted in part and denied in part. The court will conduct a telephone conference on May 19, 2009, at 11 a.m. to set a further schedule. Plaintiff is directed to contact the court at (716) 332-7830 and provide a telephone number at which he can be reached on May 19. In the meantime, the parties are encouraged to discuss settlement of this matter.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: March 31, 2009
p:\pending\2007\07-827mar1109